UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL   'O'   JS-6

| Case No. | 2:23-CV-01957-CAS (MAAx) | Date | December 8, 2023 |
|---|---|---|---|
| Title | DAO NGUYET LAM V. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) RESPONDENT'S MOTION TO DISMISS AMENDED PETITION TO AMEND CERTIFICATE OF NATURALIZATION (Dkt. 15, filed on AUGUST 21, 2023)

## I.   INTRODUCTION AND BACKGROUND

On March 16, 2023, petitioner Dao Nguyet Lam filed a petition to amend her certificate of naturalization. Dkt. 1. On July 31, 2023, respondent filed a motion to dismiss petitioner's petition to amend her certificate of naturalization. Dkt. 11. On August 7, 2023, petitioner filed a first amended petition to amend her certificate of naturalization. Dkt. 13.

In the operative petition, petitioner explains that she filed a petition for naturalization, petition number 00876397, in the Central District of California on February 20, 1991. Id. ¶ 1. A district court in the Central District of California issued petitioner's certificate of naturalization, certificate number 14721795, on October 9, 1991. Id. ¶ 2. Although petitioner's certificate of naturalization states that petitioner's birthdate is September 2, 1964, petitioner alleges that her birthdate is March 25, 1961, as reflected in her birth certificate from the Republic of Vietnam. Id. ¶ 3-5. Accordingly, petitioner requests that the Court amend her certificate of naturalization to correct her birthdate from September 2, 1964, to March 25, 1961. Id. at 5.

On August 21, 2023, respondent filed a motion to dismiss petitioner's amended petition to amend her certificate of naturalization. Dkt. 15. On September 5, 2023, petitioner filed an opposition to respondent's motion to dismiss. Dkt. 16. On September 15, 2023, respondent filed a reply in support of the motion to dismiss. Dkt. 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:23-CV-01957-CAS (MAAx) | Date | December 8, 2023 |
|---|---|---|---|
| Title | DAO NGUYET LAM V. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES | | |

On September 27, 2023, the Court took the matter under submission and issued an order directing respondent to file a supplemental brief, setting forth evidence of fraudulent conduct by petitioner and explaining how respondent would suffer prejudice if the Court grants petitioner's amended petition. Dkt. 22. The Court permitted petitioner to file a responsive brief. Id. On October 16, 2023, respondent filed a supplemental brief in support of its motion to dismiss petitioner's amended petition to amend her certificate of naturalization. Dkt. 23. On October 23, 2023, petitioner filed a reply brief in support of her opposition to respondent's motion to dismiss. Dkt. 24. Thereafter, on October 25, 2023, the Court issued a minute order, directing petitioner to answer whether she has an American and/or Vietnamese passport or visa, and if so, to provide the date of birth listed on the passport and/or visa. Dkt. 25. On November 6, 2023, petitioner filed her answers to the Court's minute order. Dkt. 26.

Respondent's supplemental brief in support of its motion to dismiss petitioner's amended petition to amend her certificate of naturalization, petitioner's reply brief, and petitioner's answers to the Court's October 25, 2023 minute order, are presently before the Court. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Under Rule 60(b)(6), the so-called catch-all provision, the party seeking relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006). In addition, the Ninth Circuit recently confirmed that "[t]o receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute his case." Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010). This Rule must be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (quoting United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005)). Any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:23-CV-01957-CAS (MAAx) | Date | December 8, 2023 |
|---|---|---|---|
| Title | DAO NGUYET LAM V. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES | | |

Rule 60(b) motion must be brought within a reasonable time and, in certain circumstances, no later than one year after entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1).

### III. DISCUSSION

As indicated, petitioner has a high bar when requesting an amendment to her naturalization certificate. On the present record, petitioner seeks to amend the birthdate listed on her naturalization certificate so that she may change the birthdate listed on her driver's license. Both petitioner and respondent agree that the Court has jurisdiction to amend petitioner's naturalization certificate. See Yeshiwas v. U.S. Citizenship & Immigr. Servs., No. C 12-1719 PJH, 2013 WL 5289061, at *5 (N.D. Cal. Sept. 19, 2013) ("Under prior statutory authority recognized by the Ninth Circuit in Magnuson and Shrewsbury, the court determines that it has jurisdiction to amend a certificate of naturalization that was issued by court order pursuant to former 8 U.S.C. § 1451(i), which conferred jurisdiction to naturalize citizens until the statute was amended in 1990[]"); see also McKenzie v. U.S. Citizenship & Immigr. Servs., Dist. Dir., 761 F.3d 1149, 1156 (10th Cir. 2014) ("But the predicate for their authority to correct or modify naturalization documents was eliminated by the removal of jurisdiction to enter naturalization judgments (except, of course, for those persons who had filed for naturalization before October 1, 1991)."). However, respondent argues that the Court should nonetheless dismiss petitioner's petition to amend. Dkt. 15 at 7.

In its supplemental brief, respondent contends that "its interest in protecting the naturalization process, combined with the circumstances under which [p]etitioner presumably submitted her own biographical information for her naturalization application, and her decision to then proceed with that information on her naturalization petition before multiple government agencies, establishes that [r]espondent would be prejudiced" by amending the petition. Dkt. 23 at 1. Respondent argues that amendment would erode the government's interest in maintaining accurate naturalization records and in finality "in cases such as these." Id. at 2. Further, respondent alleges that petitioner's actions over the past thirty-two years "give sufficient reason for [r]espondent to question whether fraud exists in this matter." Id. at 3. According to respondent, petitioner presumably supplied this incorrect birthdate, even though she does not allege that the circumstances of rushed refugee processing and a language barrier existed at the time she provided her birthdate on her naturalization application. Id. at 3-4. Respondent asserts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　'O'　JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:23-CV-01957-CAS (MAAx) | Date | December 8, 2023 |
| Title | DAO NGUYET LAM V. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES | | |

that petitioner's "own deliberate, misleading actions in her naturalization proceedings" are significant, and cites to the standard governing corrections by respondent, 8 C.F.R. § 338.5(e), which states:

> The correction will not be deemed to be justified where the naturalized person later alleges that the name or date of birth which the applicant stated to be his or her correct name or date of birth at the time of naturalization was not in fact his or her name or date of birth at the time of the naturalization.

Id. at 4.; 8 C.F.R. § 338.5(e).

Additionally, respondent asserts that it "does not allege that fraud exists in this matter, but points to the questionable nature of the birth record [p]etitioner attempts to rely on in support of her request." Dkt. 23 at 4. Respondent argues that petitioner's only evidence of her birthdate is a duplicate of her Vietnamese birth certificate that was issued ten years after her alleged birthdate. Id. at 5. According to respondent, petitioner does not offer an explanation as to why this document was issued ten years after her birthdate or why her birthdate on this document differs from that on her naturalization certificate. Id. As such, respondent argues that "there is a lack of evidence demonstrating that [p]etitioner's evidence is reliable and accurate, especially when compared with her immigration record." Id.

In her reply brief, petitioner contends that the only consequence of the Court's granting her petition would be her ability to correct her birthdate on her driver's license. Dkt. 24 at 2-3. Petitioner argues that correcting the inaccurate naturalization record would serve respondent's interest in maintaining accurate records. Id. at 3. Further, petitioner asserts that the certified true copy of her original birth certificate was issued ten years after her birthdate because she was born during the Vietnam War, such that "[r]espondent's claim that [p]etitioner's birth certificate is unreliable due to the date of its issue is ignorant of the circumstances which required it to be issued in the first place." Id. at 3-4.

Petitioner compares the facts of her case to those of the petitioner in Kouanchao v. U.S. Citizenship and Immigration Services, 358 F. Supp. 2d 837 (D. Minn. 2005), in which the court granted the petitioner's petition to change the birthdate on his naturalization certificate despite his swearing multiple times to the incorrect birthdate throughout the naturalization proceedings. Id. at 4. The court in Kouanchao noted that,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'     JS-6

| Case No. | 2:23-CV-01957-CAS (MAAx) | Date | December 8, 2023 |
|---|---|---|---|
| Title | DAO NGUYET LAM V. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES | | |

"after fleeing a war-torn nation and possessing no documentation containing the correct date, it would have been reasonable for [the petitioner] to assume that confirmation of his exact birth date would have been difficult, if not impossible." Id.; Kouanchao, 358 F. Supp. at 838. Here, petitioner asserts that she knew she needed her birth certificate to confirm and prove her birthdate but did not obtain her birth certificate until 1993, two years after she naturalized, when she returned to Vietnam for the first time. Dkt. 24 at 4-5. Finally, petitioner argues that her actions have not met the standard for fraud to deny her petition, as she neither intentionally misled the government nor benefited from the fraud. Id. at 5. According to petitioner, "[r]espondent has failed to explain how [it] would suffer prejudice if the Court granted [p]etitioner's Amended Petition and has not set forth evidence of any fraudulent conduct by [p]etitioner, both of which were instructions issued by this Court." Id.

The Ninth Circuit has analyzed the modification of naturalization certificates pursuant to Rule 60(b). See Magnuson v. Baker, 911 F.2d 330, 335 n.11 (9th Cir. 1990) ("8 U.S.C. § 1451(i) grants courts the inherent authority to set aside judgments for any reason cognizable under Federal Rule of Civil Procedure 60[]"); see also Terrasi v. Cuccinelli, No. 819CV02021JLSKES, 2020 WL 6143614 (C.D. Cal. Aug. 3, 2020); Jung Ai Shin v. U.S. Citizenship & Immigr. Servs., No. CV 12-2839-GHK SSX, 2013 WL 571781 (C.D. Cal. Feb. 13, 2013). However, the Court recognizes that some district courts within the Ninth Circuit have applied an alternative standard when considering a petition to amend a naturalization certificate. See Bazouzi v. Johnson, No. 14-MC-80261-JST, 2015 WL 1968004, at *3 (N.D. Cal. May 1, 2015) ("The Court will therefore join the majority of courts in this District who have considered such a petition and have allowed amendment where the petitioner has presented clear evidence of her true date of birth and there are no concerns that petitioner acted fraudulently in representing her date of birth in her initial naturalization petition.").

It appears to the Court that thirty-two years represents a substantial delay in bringing this action before the Court pursuant to Rules 60(b)(6) and 60(c)(1). Although it is not clear whether petitioner "acted fraudulently" when she initially represented her birthdate for purposes of naturalization, petitioner has continued to rely on this incorrect birthdate since 1991. Petitioner obtained her birth certificate from Vietnam in 1993, only two years after she naturalized, yet she did not file a petition to amend her naturalization certificate until 2023. This delay does not constitute a "reasonable time" pursuant to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:23-CV-01957-CAS (MAAx) | Date | December 8, 2023 |
|---|---|---|---|
| Title | DAO NGUYET LAM V. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES | | |

Rule 60(c)(1). Moreover, petitioner has not demonstrated "extraordinary circumstances" to justify her delay in seeking to amend her naturalization certificate. Petitioner contends that she seeks amendment to change the birthdate on her driver's license. However, petitioner does not offer a declaration from anyone at the California DMV stating that the DMV will not correct the birthdate on her driver's license absent the correction of her naturalization certificate. Thus, petitioner has not met her burden for amendment pursuant to Rule 60(b).

Further, while amendment of petitioner's naturalization certificate would permit petitioner to change the birthdate on her driver's license, her American passport lists her birthdate as September 2, 1964. Dkt. 26. Thus, the change petitioner requests will result in an inconsistency between her driver's license and her passport. This in and of itself would appear to lead to greater confusion in terms of petitioner's birthdate and, contrary to petitioner's assertion, would not further respondent's interest in accurate and consistent public records. Accordingly, the Court declines to amend petitioner's naturalization certificate.

### IV.  CONCLUSION

In accordance with the foregoing, the Court GRANTS respondent's motion to dismiss petitioner's first amended petition to amend her certificate of naturalization.

IT IS SO ORDERED.

Initials of Preparer      :